Filed 3/6/14  P. v. Walker CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B251951 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA118862) |
| v. | |
| MICHAEL WALKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant, Michael Walker, appeals from the trial court's order dismissing his motion for reconsideration of the order denying his petition for recall of his 25-years-to-life sentence imposed pursuant to the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] and requesting that he instead be sentenced pursuant to section 1170.126.[2] We affirm the trial court's order dismissing Walker's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a trial during which a jury found him guilty of willfully evading a police officer (Veh. Code, § 2800.2), on May 10, 1996, the trial court sentenced Walker to an indeterminate term of 25 years to life in prison because the offense was his third strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Acting in propria persona, on November 19, 2012, Walker filed in the trial court a petition for recall of his sentence pursuant to section 1170.126. After reviewing the petition, the trial court filed an order on January 11, 2013, in which it stated: "Pursuant to . . . section 1170.126[, subdivision] (d), defendants seeking recall of sentence under that statute must 'specify all of the currently charged felonies which resulted in' the third strike sentence and must 'also specify all of the prior convictions alleged and proved' as second strikes. Here, defendant has failed to specify all of the prior strike convictions alleged and proved by the People during the underlying criminal proceedings. [¶] Defendant has also failed to allege service of the petition upon the People. A copy of any petition for recall of sentence filed with the court must be served upon the People at the office of the District Attorney, Appellate Division . . . . [¶] For the foregoing reasons, the petition for recall of sentence is denied without prejudice to refile a petition which

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Section 1170.126 provides that a defendant may be resentenced if, *among other conditions*, his or her most recent offense did not amount to a "strike" pursuant to the provisions of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The statute, which was added by the initiative process as Proposition 36, became effective November 7, 2012.

2

complies with . . . section 1170.126 and shows service on the office of the District Attorney."

On February 15, 2013, Walker, again acting in propria persona, filed a second petition in the trial court pursuant to section 1170.126. On March 21, 2013, the trial court filed a memorandum of decision in which it stated: "Petition for Recall of Sentence Pursuant to . . . section 1170.126 by Michael Walker ('Defendant'), *pro se*. No appearance by respondent. Petition denied with prejudice. [¶] The Court has read and considered the petition for recall of sentence pursuant to . . . section 1170.126 filed by Defendant on February 15, 2013. [¶] Defendant has suffered a prior conviction under . . . section 667[, subdivision] (e)(2)(C)(iv)(I), making Defendant ineligible for resentencing under . . . section 1170.126. [¶] For the foregoing reason, the petition for recall of sentence is DENIED WITH PREJUDICE."[3]

A review of Walker's "prior record" indicates, on September 16, 1983, when Walker was 18 or 19 years old, he committed the felony of "oral copulation with [a]

---

[3]  Among the *other conditions* provided for in section 1170.126 is that the defendant may not previously have been convicted of "any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).) Subdivision (e)(2)(C)(iv) of section 667 indicates that "[t]he defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section for any of the following felonies: [¶] (1) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." That provision, subdivision (b) of section 6600 of the Welfare and Institutions Code, indicates a " '[s]exually violent offense' means the following acts when committed by force, violence, menace, fear of immediate and unlawful bodily injury on the victim or another person . . . and result in a conviction of . . . [the] felony . . . of  Section . . . 288a." Section 288a, subdivision (c)(1) provides: "Any person who participates in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than he or she shall be punished by imprisonment in the state prison." Section 288a, subdivision (c)(2)(A) states: "Any person who commits an act of oral copulation when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim . . . shall be punished by imprisonment in the state prison."

3

person under 14 or with force" in violation of section 288a, subdivision (c) and was committed to the California Youth Authority.[4]

On September 5, 2013, Walker, acting in propria persona, filed in the Superior Court a motion for reconsideration of the trial court's decision. Walker indicated his late filing of such a motion should be excused under a " 'cause and prejudice' " exception. Walker indicated, after filing his February 15th motion, he was transferred from Mule Creek State Prison to another facility where, on April 22, 2013, his property, including his mail, was taken away from him and he was placed in "the hole" for "unfounded allegations."[5] Once he was released from the hole, the prison was placed on "lockdown" and he was unable to visit the law library. Due to these " 'external force[s]' " which were beyond his control, Walker was unable to file a timely motion for reconsideration which he alleges "could have changed the re-sentencing outcome." Walker's primary assertion is that, although he was innocent of the 1983 charge of forcible oral copulation, he entered into a plea bargain regarding the offense because his counsel had advised him to do so.

In a memorandum of decision filed September 17, 2013, the trial court indicated it had "read and considered the motion for reconsideration [for] recall of [Walker's] sentence pursuant to . . . section 1170.126 received on September 5, 2013." The court continued, "Defendant previously submitted a petition for recall of sentence pursuant to . . . section 1170.126, which was denied with prejudice on March 21, 2013. [¶] Defendant has suffered a prior conviction of forcible oral copulation [§ 288a, subd. (a)(c)], which is a disqualifying prior conviction pursuant to . . . section 667[, subdivision] (e)(2)(C)(iv)(I), making Defendant ineligible for resentencing pursuant to

---

**4** Although the record indicates otherwise, Walker states he was 16 years old at the time of the alleged offense. He indicates he was dating a 15-year-old girl whose mother did not like him and the girl was "not allowed to speak in court to deny the charges."

**5** It was alleged on April 26, 2013, that Walker was a "suspect in a possible sexual ass[a]ult that occurred in [a] cell on March 29, 2010." Following an inquiry into the allegation, it was determined to have been unfounded "due to lack of evidence."

4

. . . section 1170.126. [¶] Defendant has now filed a motion for reconsideration. He contends that due to 'external forces' he was not able to file a timely motion for reconsideration after [his initial motion was] denied with prejudice so his 'default consideration' should be excused under the 'cause and prejudice' exception. [¶] If the Defendant wishes to challenge the denial of his petition, his remedy is to file a Petition for Writ of Mandate in the Court of Appeal, Second Appellate District. [Citation.] [¶] For the foregoing reasons, the motion for reconsideration is DISMISSED."[6]

On October 16, 2013, Walker filed a timely notice of appeal from the trial court's order.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed December 10, 2013, the clerk of this court advised Walker to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. On December 26, 2013, Walker filed a supplemental brief in which he asserted this court should order the trial court to grant his motion for reconsideration and hold a hearing pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 in which the trial court, pursuant to Welfare and Institutions Code section 1772, could expunge his conviction of section 288a, subdivision (c). He would then be eligible for resentencing pursuant to section 1170.126.

---

**6**      Whether a trial court's denial of a defendant's section 1170.126 petition is an appealable order is currently pending before the California Supreme Court. (See *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [order is appealable]; *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [order must be challenged by petition for writ].) Here, however, Walker is appealing from the trial court's order denying his *motion for reconsideration* of its denial of his petition filed pursuant to section 1170.126. Whether Walker should have filed a notice of appeal or a petition for a writ from the trial court's initial order denying his petition filed pursuant to section 1170.126, the trial court properly dismissed Walker's motion for reconsideration of that order.

Welfare and Institutions Code, section 1772 subdivision (a) provides that "[s]ubject to subdivision (b), every person honorably discharged from control by the Youth Authority Board who has not, during the period of control by the authority, been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed." Here, however, the record indicates that during the period during which Walker was under the control of the Youth Authority, he was sentenced to state prison. In May 1986, Walker was convicted of the felony of possession of a controlled substance in violation of Health and Safety Code section 11377 for which he was sentenced to 16 months in state prison. He was returned to state prison for parole violations in February 1988. Then, in February 1989, Walker suffered a conviction for being a felon in possession of a firearm in violation of former section 12021, subdivision (a). Walker was sentenced to two years in state prison, the term to be served concurrently with that imposed for his parole violation. In addition, we note subdivision (b) of Welfare and Institutions Code section 1772 states: "Notwithstanding subdivision (a): [¶] . . . [¶] (4) The conviction of a person described by subdivision (a) may be used to enhance the punishment for a subsequent offense."

Under the facts presented and the provisions of Welfare and Institutions Code section 1772, an additional hearing would not have resulted in the expungement of Walker's conviction of section 288a, subdivision (c). Accordingly, even if the trial court had granted Walker's motion for reconsideration of his petition to recall his sentence and hold a new hearing on the matter, Walker would not have been found eligible for resentencing pursuant to section 1170.126.

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

6

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

CROSKEY, Acting P. J.

KITCHING, J.

7